AO 91 (Rev. 11/11) Criminal Complaint

Authorized and Approved Date: s/ Nick Coffey 12/8/2023

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| United States of America<br>v.<br>Jose Equihua and<br>Edgar Rodriguez Ontiveros<br><br>*Defendant(s)* | Case No. MJ-23-1001-SM |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 8, 2023 in the county of Lincoln in the Western District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Methamphetamine with Intent to Distribute - 500 grams or more |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Michael Adams, Federal Bureau of Investigation (FBI).

☑ Continued on the attached sheet.

[signature]

*Complainant's signature*

Michael Adams, Special Agent, FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 9, 2023

[signature]

*Judge's signature*

City and state: Oklahoma City, Oklahoma

Suzanne Mitchell, U.S. Magistrate Judge

*Printed name and title*

**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY, OKLAHOMA**

**STATE OF OKLAHOMA )**
**)**
**COUNTY OF OKLAHOMA )**

**AFFIDAVIT IN SUPPORT OF ARREST WARRANTS**

I, Michael Adams, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

1. I have been a Special Agent with the FBI since March 2015. I am currently assigned to the Oklahoma City Division, where I am assigned to the Criminal Enterprise Squad, which is responsible for investigating violent gang and drug trafficking organizations. Since becoming a Special Agent, I have been involved in a variety of investigative matters, including investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of my drug-related investigations, I have participated in the execution of numerous search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs.

2. The facts set forth in this Affidavit are based upon my personal knowledge, knowledge obtained from other law enforcement personnel, review of documents related to

this investigation, communications with other individuals who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. Since this Affidavit is being submitted for the limited purpose of seeking a complaint and arrest warrants against the individuals named below, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts I believe are essential to establish the foundation necessary to support the complaint and arrest warrants.

## PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of a criminal complaint and arrest warrant for **Edgar Rodriguez Ontiveros (RODRIGUEZ)** and **Jose Alfredo Equihua (EQUIHUA)** for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## BACKGROUND OF INVESTIGATION

2. On December 8, 2023, the Federal Bureau of Investigation executed a search warrant at 980801 S Stage Coach Drive, Wellston, Oklahoma 77488—a property located in Lincoln County, Oklahoma (the "Subject Property"), and therefore the Western District of Oklahoma. During the execution of said search warrant, law enforcement encountered both **RODRIGUEZ** and **EQUIHUA**, who appeared to have arrived at the Subject Property in a red and black Chevrolet Silverado bearing Oklahoma tag NUJ-738 (the "red/black

Silverado").[1] **RODRIGUEZ** and **EQUIHUA** were both detained by law enforcement for officer safety and investigative detention while the Subject Property was secured by law enforcement.[2]

3. While securing the Subject Property, law enforcement observed what appeared to be a fully functioning clandestine meth conversion laboratory in a detached garage on the Subject Property. A more comprehensive search resulted in law enforcement finding the following: approximately six Ziplock bags filled with a crystal like substance that field tested positive for meth[3]; more than 100 gallons of a liquid/crystal substance that field tested positive for meth[4]; and various materials and equipment that I know based on my training and experience are essential to a functioning meth conversion lab, such as Acetone, large pots, personal protective equipment, propane tanks, hoses, pumps, etc.

4. During the full search, it became clear to law enforcement that no person appeared to be living at the Subject Property. For example, the main residence had almost

---

[1] This license plate is registered to Jose Alfredo Equihua at 1332 SW Straka Terrace, Oklahoma City, Oklahoma. Though the vehicle was a Silverado, the registration for the license plate lists the vehicle as a red 1993 Nissan.

[2] The property must be secured, or preliminarily searched, for any other persons or hazardous items, prior to the entire search team conducting a thorough search for evidentiary items.

[3] One of the six bags was field tested and resulted in a presumptive positive test for meth. The total package weight of each of these individual bags was in excess of 1,000 grams.

[4] Containers were found with substances inside that appeared to be in various stages of the liquid-to-crystal conversion process. Field tests were performed on multiple evidence items and resulted in positive presumptive tests for meth.

no furniture inside. Although no person appeared to live at the subject property, law enforcement had previously observed on several mornings **RODRIGUEZ** and **EQUIHUA** arrive at the Subject Property, where they would typically stay for hours and appeared to frequent the area near the detached garage where law enforcement found the meth lab.

5. In addition, both **RODRIGUEZ** and **EQUIHUA** made statements to law enforcement indicating they were from Michoacan, Mexico, and had only been in the Oklahoma City area for a short time. **RODRIGUEZ**, after waiving his Miranda rights, admitted to working with **EQUIHUA** at the Subject Property to convert liquid into crystal meth.

6. Based on my training, experience, and knowledge of the investigation, I believe **RODRIGUEZ** and **EQUIHUA** arrived at the Subject Property on December 9, 2023, for the purpose of working at the meth conversion lab, specifically to convert liquid methamphetamine to crystal form, which would then later be distributed.

**[INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

7. Based upon my training and experience, and knowledge of the investigation, I believe there is probable cause that **RODRIGUEZ** and **EQUIHUA** possessed with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). It is therefore requested that an arrest warrant be issued for the offense listed above.

Further your Affiant sayeth not.

MICHAEL ADAMS
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 9th day of December 2023 in Oklahoma City, Oklahoma.

SUZANNE MITCHELL
United States Magistrate Judge